Filed 3/2/15  P. v. Baker CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW DEAN BAKER,<br><br>Defendant and Appellant. | C076309<br><br>(Super. Ct. No. CM038939) |

Defendant Matthew Dean Baker pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted that he had served a prior prison term (Pen. Code, § 667.5, subd. (b); further statutory references are to the Penal Code unless otherwise indicated).  In exchange, a count of carrying a dirk or dagger (§ 21310), two prior prison terms, and four unrelated cases were dismissed with a *Harvey* waiver.  (*People v. Harvey* (1979) 25 Cal.3d 754.)

1

Defendant was sentenced to county jail (§ 1170, subds. (h)(1), (2)) for the upper term of three years plus one year for the prior prison term, awarded 126 days' custody credit and 126 days' conduct credit (§ 4019), and ordered to pay a $280 restitution fine (§ 1202.4), a $195 laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)), a $585 drug program fee (Health & Saf. Code, § 11372.7, subd. (a)), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

FACTS

Because the matter was resolved by plea, our statement of facts is taken from the probation report and the prosecutor's statement of factual basis.

On the afternoon of June 5, 2013, a reporting party informed the Butte County Sheriff's Office that a suspicious male was looking through car windows. As a deputy was responding, the reporting party advised that the male had threatened to shoot her husband.

The deputy arrived and contacted defendant who was holding a black object in his hand. The deputy took defendant into custody, searched him for weapons, and discovered a small fixed-blade knife. The dispatcher advised that defendant had an outstanding misdemeanor warrant. Defendant was arrested and a search incident to arrest yielded a plastic baggie containing 0.6 grams of methamphetamine.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination

of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


     HULL     , Acting P. J.


We concur:


     MAURO     , J.


     DUARTE     , J.

3